UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FOTOBOM MEDIA, Inc., <br><br>       Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br>       Defendant. | Case No. 1:22-cv-00712-APM <br><br> HON. AMIT P. MEHTA |

**DEFENDANT GOOGLE LLC'S RESPONSE TO THE COURT'S APRIL 4, 2022 ORDER**

Defendant Google LLC ("Google") responds herein to the Court's Order of April 4, 2022, further to the Court's Order to Show Cause of March 25, 2022 (ECF No. 8). Google concurs in the position of Plaintiff Fotobom Media, Inc. ("Fotobom") that this action, *Fotobom Media, Inc. v. Google LLC*, No. 22-cv-00712-APM, is not related to *In re Google Play Store Antitrust Litigation*, No. 3:21-md-2981-JD (N.D. Cal.) (the "*Play Store MDL*"), and therefore should not be transferred to the Northern District of California.

\*      \*      \*

Fotobom filed this action on March 15, 2022. Fotobom alleges that it developed and launched a smart keyboard for mobile devices in 2015 known as "Keyboard+." ECF No. 1, ¶ 2. Fotobom alleges that Keyboard+ "offers users its own search results . . . based on keywords in the user's typing," and that Keyboard+ is also, itself, a "search access point," in that a user can run a search on a "general search engine without needing to leave an app or open a browser." *Id.* ¶ 3. Fotobom alleges that Google has stymied its distribution of Keyboard+ in the course of allegedly monopolizing markets for "[g]eneral search services" and "Keyboard apps for Android devices." *Id.* ¶¶ 56, 65.

1

Google disputes Fotobom's allegations, and will respond to the Complaint on June 3, 2022.  Minute Order, Apr. 4, 2022.  For present purposes, however, Google concurs in Fotobom's position (ECF No. 9) that its claims are not related to those in the *Play Store MDL*, and should not be transferred to that court, through the JPML or otherwise.

The claims and relevant markets at issue in the *Play Store MDL* are different from those asserted by Fotobom.  The *Play Store MDL* plaintiffs "allege[] monopolization of the market for distribution of apps to Android mobile device users through the Google Play Store," and also assert allegations "involv[ing] the market for processing payments for Android mobile app digital content."  *In re Google Antitrust Litig.*, 521 F. Supp. 3d 1358, 1360 (U.S. Jud. Pan. Mult. Lit. 2021) ("JPML Order").  Those are the same markets that were pleaded in the three Play Store-related matters originally filed in this District and cited in this Court's Order.  *See Paige v. Google LLC*, 20-cv-3158-APM (D.D.C.), ECF No. 1 ("Paige Compl."), ¶ 34 ("The relevant product market is the market for Android mobile apps and in-app purchases."); *McCready v. Google LLC*, 20-cv-3556-APM (D.D.C.), ECF No. 1 ("McReady Compl."), ¶ 34 (same); *Blumberg v. Google LLC*, 20-cv-3557-APM (D.D.C.), ECF No. 1 ("Blumberg Compl."), ¶ 34 (same).  Fotobom, by contrast, does not allege any such markets; its claims, as noted, are directed instead to alleged markets for general search and Android keyboard apps.

The alleged conduct differs, too.  The *Play Store MDL* plaintiffs' "central claim" relates to "Google's alleged monopolization of the Android app distribution market."  JPML Order at 1360, n.8; *see also*, Paige Compl. ¶ 53 (alleging "refusal to allow rival app stores to be accessed through the Google Play Store"); McReady Compl. ¶ 53 (same); and Blumberg Compl. ¶ 53 (same).  Fotobom's claims, by contrast, are directed specifically to smart keyboards—as alleged

"search access points," and to conduct that allegedly has stifled the distribution of Fotobom's smart keyboard, Keyboard+.  *Supra*.

As the JPML held in establishing the *Play Store MDL* but excluding therefrom cases relating to "search services" or "search advertising," such actions "plainly involve different relevant markets" and "the alleged anticompetitive conduct differs substantially."  JPML Order at 1359.  That holds true for Fotobom's claims.

## CONCLUSION

For the foregoing reasons, Google respectfully submits this action should not be transferred to the United States District Court for the Northern District of California.

Dated: April 7, 2022

Respectfully submitted,

  */s/ John E. Schmidtlein*

John E. Schmidtlein (D.C. Bar No. 441261)
Benjamin M. Greenblum (D.C. Bar No. 979786)
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Tel.:     (202) 434-5000
Fax:     (202) 434-5029
Email:   jschmidtlein@wc.com
         bgreenblum@wc.com

*Counsel for Defendant Google LLC*